United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| TERRY DEWAYNE WILLIAMSON, § <br> Movant, § <br> § <br> § <br> v. § <br> § <br> § <br> UNITED STATES OF AMERICA, et al., § <br> Respondents. § | Case No. 1:16-cv-002 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Terry Dewayne Williamson's "Petition for Writ of Habeas Corpus" (hereinafter, Williamson's "Petition"). Dkt. No. 1. In his Petition, Williamson seeks the same relief as he sought in *Terry Dewayne Williamson v. United States of America; U.S. Parole Commission, et al*, 1:12cv00177 (hereinafter referred to as "Civil Action 1:12cv177"). In Civil Action 1:12cv177, the Court dismissed Williamson's petition without prejudice to the filing of a 28 U.S.C. § 2255 motion in the proper jurisdiction. *See Terry Dewayne Williamson v. United States of America; U.S. Parole Commission, et al*, 1:12cv00177, Dkt. No. 26 (Report and Recommendation), and Dkt. No. 30 (Order adopting Report and Recommendation). The Court's disposition of Civil Action 1:12cv177 was the correct disposition, and the conclusions reached by the Court apply to Williamson's instant Petition. Accordingly, Williamson's Petition should be dismissed.

For the reasons provided by the Court in Civil Action 1:12cv177, this dismissal should be without prejudice to the filing of a 28 U.S.C. § 2255 motion in a court of proper jurisdiction. However, this dismissal should be with prejudice to the filing of another petition, seeking the same relief, in this District Court. Although Williamson's instant Petition discusses the futility of exhausting administrative remedies, where his petition in Civil Action 1:12cv177 did not, his Petition is otherwise largely identical to the petition he filed in Civil Action 1:12cv177. As the Court's analysis in Civil Action 1:12cv177 still applies, Williamson's refiling of a petition seeking the same relief now evidences a willingness to abuse collateral review procedures.[1] Dismissal with prejudice to the refiling of a petition seeking the same relief in this District Court is, therefore, appropriate.

### Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations

---

[1] Furthermore, according to the Court in Civil Action 1:12cv177, it is also possible that Williamson is no longer in custody for purposes of attacking his term of special parole. *See Terry Dewayne Williamson v. United States of America; U.S. Parole Commission, et al*, 1:12cv00177, Dkt. No. 26 at 5 ("Williamson began to serve his special parole term on February 2, 2010 and is scheduled to complete the special parole term on February 1, 2015").

and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Williamson has not made a substantial showing of the denial of a constitutional right.

## Recommendation

It is recommended that Williamson's Petition be dismissed (1) with prejudice to the refiling of a substantively identical petition in this District Court; and, (2) without prejudice to the filing of a 28 U.S.C. § 2255 motion in a court of proper jurisdiction. Additionally, it is recommended that the Court decline to issue a certificate of appealability.

**Notice to Parties**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 20th day of February, 2016.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**